Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on August 12, 1992.
2. Kemper Insurance Companies/American Manufacturers' Mutual Insurance was the carrier on the risk.
3. The plaintiff sustained a compensable injury to her back on August 12, 1992.
4. The defendants accepted the compensability of plaintiff's lumbosacral strain, and provided medical treatment for the injury.
5. The issues for determination are:
 a. Whether plaintiff is entitled to any additional compensation after being released to return to work by her chosen treating physician; and
 b. Whether defendants are liable for any additional medical care?
6. Pursuant to the Form 22 Wage Chart which was stipulated by the parties, the plaintiff's average weekly wage was established to be $231.28 which yields a weekly compensation rate of $154.19.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 32 year old high school educated female who worked with defendant-employer as an assembler of hospital kits.
2. On August 12, 1992, the plaintiff went to the shipping area to get components to set up a work station. When she bent down to retrieve some tubes, the plaintiff felt a pull in her low back on the right side.
3. Following the injury, the plaintiff was seen at Carmen Family Physicians, where she was diagnosed with low back strain. The plaintiff was authorized to return to desk work, if available, and light duty work on Monday, August 17, 1992.
4. The plaintiff was treated from August 12 through September 16, 1992 at Carmen Family Physicians, and she continued to work during that time. The plaintiff was also referred to Comprehensive Medical Rehabilitation Center where she received physical therapy from August 19, 1992 through September 16, 1992.
5. On September 16, 1992, the treating physician noted that plaintiff had a full range of motion with no local tenderness, and her straight leg raising was negative. The plaintiff was authorized to return to work with a 30 pound lifting restriction, 20 pounds frequent, and 10 pounds continual.
6. On November 14, 1992, the plaintiff self-referred to Carolina Bone and Joint Associates, where she was seen by Dr. William McCarthy, Jr., for low back and right leg pain. An MRI was ordered, which showed no significant findings, although it did reveal a minimal bulging disc at L4-5 and a L5-S1. Dr. McCarthy and his associate Dr. Thomas Fleischer continued to see the plaintiff.
7. On December 23, 1992, the plaintiff complained of neck and upper right extremity problems which she reported had started at the beginning of the month. The plaintiff denied having any prior difficulty with them, even at the time of the injury at work on August 12, 1992.
8. On December 28, 1992, the plaintiff requested to be placed on light duty. However, Dr. McCarthy contacted defendant-employer and learned that plaintiff had been working on regular duty status. He concluded that she had tolerated regular work, and released her to regular duty at that time.
9. The plaintiff worked until January 4, 1993, when she voluntarily terminated her employment due to her exhaustion of leave benefits. Any time out of work after that time was not due to the compensable injury of August 12, 1992.
10. On March 30, 1993, the plaintiff was seen by neurologist Dr. Anthony Wheeler, upon referral of Dr. Lovejoy due to plaintiff's complaints of right low back pain, radiating pain down the right leg, cervical pain and headaches. Plaintiff initially treated with Dr. Lovejoy on a self-referral.
11. The plaintiff chose treatment by Dr. Fleischer of Carolina Bone and Joint Associates.
12. By letter dated September 29, 1993, Dr. Fleischer advised that there was no other treatment for plaintiff's condition. Previously, on December 28, 1992, Dr. Fleischer released the plaintiff to return to work on regular duty with no restrictions.
13. The plaintiff was not authorized by the defendant-carrier, nor did she seek permission within a reasonable time from the Industrial Commission to change treating physicians from Carolina Bone and Joint Associates, whom she had chosen.
14. Treatment sought by plaintiff from Dr. Lovejoy and Dr. Wheeler were unauthorized and unapproved.
15. The greater weight of the evidence fails to establish any causal relationship between her neck complaints and the admittedly compensable injury of August 12, 1992. In fact, the plaintiff's own remarks made contemporaneous to the beginning of the neck pain to Dr. McCarthy on December 23, 1992 clearly indicate that the neck problems did not begin at the time of the compensable injury, and that the problems had recently begun.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to compensation for her neck complaints as she has failed to establish that her neck complaints are causally related to her compensable injury of August 12, 1992. Click v. Pilot FreightCarriers, Inc. 300 N.C. 164, 265 S.E.2d 389 (1980). N.C. GEN. STAT. § 97-2(6).
2. Plaintiff is not entitled to payment for unauthorized medical treatment. Plaintiff did not seek approval within a reasonable time from either the carrier or the Commission for treatment by Dr Lovejoy and Dr. Wheeler, therefore, compensation for this treatment must be denied pursuant to N.C. GEN. STAT. § 97-25.
3. Plaintiff was released to return to full duty on December 28, 1992, and is not entitled to any temporary total disability compensation after she voluntarily terminated her employment on January 4, 1993, as any wages lost by plaintiff after that date were not due to the compensable injury of August 12, 1992.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for additional temporary total disability compensation is and under the law must be DENIED.
2. Each side shall pay its own costs.
ORDER
It is ORDERED that the record shall be RE-OPENED to allow plaintiff to obtain a permanent partial disability evaluation at defendant's expense or, if they so desire, the parties may stipulate to a rating for permanent partial disabilty and submit an Industrial Commission Form 26 indicating plaintiff's impairment rating.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ J. RANDOLPH WARD COMMISSIONER